UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 3:19-cv-02018-MCR-HTC

LEE ANNE SAVOIA-McHUGH
and JOHN SAVOIA-McHUGH,

      Plaintiffs,

v.

MICHAEL S. GLASS, PHILIP KRISPIN,
EASTERN UNION FUNDING, LLC,
WATERFALL, LLC, WATERFALL
GROUP, LLC, JOHN W. McCRARY,
and SANTA FE CAPITAL, LLC,

      Defendants.
_____/

**DEFENDANT, EASTERN UNION FUNDING LLC'S,**
**MOTION TO DISMISS AMENDED COMPLAINT**
**(And Incorporated Memorandum of Law)**

Defendant, EASTERN UNION FUNDING LLC ("**Eastern Union**"), through

undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss

Counts II, V, VIII, XI, XIV, XXV, and XXVIII of Plaintiffs, LEE ANNE SAVOIA-

McHUGH and JOHN SAVOIA-McHUGH's (collectively, "**Plaintiffs**") Amended

Complaint and Demand for Jury Trial [D.E. 44] (the "**Complaint**" or "**Cplt.**"), for

failure to state a claim upon which relief can be granted, and as grounds therefore

states:

## I.    <u>Introduction</u>

Plaintiffs bring this lawsuit based on allegations that they made certain investments as a result of alleged misrepresentations and other wrongful acts by a number of the defendants. As it relates to the relief sought in the underlying application, the crux of Plaintiffs' claims against Eastern Union are that: (i) it is vicariously liable for the acts of Defendant, Philip Krispin ("**Krispin**"); (ii) that it was negligent in hiring and retaining Krispin; and (iii) that it entered into a civil conspiracy with Krispin and the other defendants. While Eastern Union vehemently denies Plaintiffs' claims and allegations, for the purpose of this motion to dismiss, as is required, it treats all well-pled allegations as true.

## II.    <u>Memorandum of Law</u>

### a.  <u>Legal Standard</u>

To survive dismissal, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," not simply conceivable.  See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Twombly</u>, 550 U.S. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 676.

Although the allegations in Plaintiffs' Complaint are presumed true on a motion to dismiss and all reasonable factual inferences are construed in favor of Plaintiffs, this Court need not accept inferences unsupported by the facts plead in the Complaint or legal conclusions cast in the form of factual allegations.  See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) (explaining that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" are not entitled to any presumption of truthfulness at this stage of the case and "will not prevent dismissal").  Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citation omitted)).  At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold."  Skinner v. Switzer, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).

Moreover, claims sounding in fraud must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). "Rule 9(b) is satisfied if the plaintiff pleads (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same,

3

and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F. 3d 1194, 1202 (11th Cir. 2001) (citations omitted).

Plaintiff's Complaint clearly fails to satisfy the pleading requirements of Twombly and Iqbal, as well as Rule 9(b), and therefore should be dismissed.

### b.  **Counts II, V, and VIII of the Complaint Should be Dismissed**

Count II (common law fraud), Count V (fraudulent misrepresentation and omissions), and Count VIII (fraudulent inducement) all sound in fraud and fail to meet the specificity required by Fed. R. Civ. P. 9(b). "Simply put, Plaintiffs alleging fraud must plead 'the who, what, when, and where [of the fraud] before access to the discovery process is granted.'" Infante v. Bank of Am. Corp., 680 F. Supp. 2d 1298, 1303 (S.D. Fla. 2009).  For fraud to be actionable, a statement of fraud must relate to an existing or preexisting fact. Brake v. Wells Fargo Fin. Sys. Fla., No. 8:10-CV-338-T-33TGW, 2011 U.S. Dist. LEXIS 146875, at *25-6 (M.D. Fla. Dec. 5, 2011). Statements of opinion or puffing do not obviate the need to investigate an investment and do not constitute fraudulent misrepresentations. See Silver v. Countrywide Home Loans, Inc., 760 F. Supp. 2d 1330, 1342 (S.D. Fla. 2011) (citing Wasser v. Sasoni, 652 So. 2d 411, 412 (Fla. 3d DCA 1995).  Applying the foregoing standard,

the allegations of fraud in the Complaint are deficiently pled, necessitating dismissal as a matter of law.

*First*, there are various representations scattered throughout the 102 paragraphs of general allegations (see e.g. Cplt., ¶¶ 18, 20, 40, 41, 51, 57, 58, 60, 68, 90, 94), and even though these allegations have been reviewed in detail, because the actual counts themselves contain barebones pleading of only the elements, it is difficult to decipher which myriad of specific allegations Plaintiffs contend support their various fraud claims.[1] See Ceithaml v. Celebrity Cruises, Inc., 207 F. Supp. 3d 1345, 1349 (S.D. Fla. Sept. 14, 2016) (Alleged facts "are insufficiently matched to these shotgun-style recitations, making any meaningful assessment of [the] claims difficult."); Brown v. Carnival Corp., 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) ("The Court refuses to go line-by-line and determine which of [plaintiff's] alleged breaches are appropriate and supported by law . . .").

Moreover, many of the alleged misrepresentations lack *each* of the "who, what, when, where" required to specifically allege fraud claims. See e.g. Cplt., ¶¶ 21, 22, 29, 40, 41, 57, 62, 67, 68, 72, 73, 84, 85, 88, 90, 92, 93, 95, 97, 98. The specificity requirement is especially important here for Eastern Union to defend

---

[1] Eastern Union acknowledges that Plaintiffs state some of the representations are false (see e.g. Cplt., ¶¶ 68, 81, 85, 91), however, Eastern Union should not be forced to guess which Plaintiffs contend are actionable fraud and which should be investigated in the course of answering and defending this action.

itself because Plaintiffs' claims against Eastern Union relating to fraud stem from its alleged vicarious liability, and therefore, Eastern Union does not have *any idea* of the "who, what, when, where," other than as alleged by Plaintiffs. In many places Plaintiffs allege they relied on "misrepresentations and omissions" but fail to specifically allege which of those misrepresentations and omissions were relied upon. See e.g. Cplt., ¶¶ 29, 72, 73, 84, 88, 92, 93, 98. Compounding this issue, in many instances Plaintiffs fail to make clear whether or not a "representation" was false or not. See e.g. Cplt., ¶¶ 16, 18, 20-22, 40, 51, 57, 58, 60. As set forth in Ziemba, Plaintiffs have failed to meet the pleading requirements of Rule 9(b). Ziemba, 256 F. 3d at 1202.

*Second*, many of the allegations of various representations are matters of opinion or puffing, and relate to a future state of events (see e.g. Cplt., ¶¶ 18, 20, 51), which are not actionable fraud. See Brake, 2011 U.S. Dist. LEXIS 146875, at *25-6; Silver, 760 F. Supp. 2d at 1342.

Moreover, while the Complaint is littered with allegations of alleged reliance, there is, however, virtually no contention by Plaintiffs that they made their own investigation of the various investments. Instead, Plaintiffs apparently blindly relied on what they readily allege was incorrect, partial, or a complete lack of information from various defendants and now seek to hold anyone and everyone responsible despite abdicating their duty to do even a minimal investigation. See Silver, 760 F.

6

Supp. 2d at 1342. "Without justifiable reliance, there can be no actionable fraud." Hillcrest Pac. Corp. v. Yamamura, 727 So. 2d 1053, 1057 (Fla. 4th DCA 1999).

Consequently, based on the foregoing, Counts II, V, and VIII should be dismissed in their entirety as a matter of law.

### c. **Count XI Should be Dismissed**

Count XI (negligent misrepresentation and omissions) should be dismissed for the same reasons Plaintiffs' fraud-based claims should be dismissed. See Holguin v. Celebrity Cruises, Inc., No. 10-20215-CIV-ALTONAGA/Brown, 2010 U.S. Dist. LEXIS 43638 (S.D. Fla. May 4, 2010) (dismissing negligent misrepresentation claim for failure to comply with Rule 9(b) because such a claim in Florida is equivalent to actionable fraud). Therefore, based on the legal deficiencies in Plaintiffs' Complaint set forth in subsection (b) supra, Count XI should be dismissed in its entirety as a matter of law.

### d. **Count XIV Should be Dismissed**

In Count XIV (negligence) Plaintiffs allege that Eastern Union owed a duty to Plaintiffs to select, retain, and supervise Krispin. Cplt., ¶ 168. Plaintiffs further allege that Eastern Union breached those duties "as more fully alleged herein." Id., ¶ 169.

> Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment. In

order to demonstrate that an employer breached its duty of care, Plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. In order to demonstrate proximate cause, there must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee.

Giambra v. Wendy's Int'l, Inc., No. 8:08-cv-2016-T-27EAJ, 2009 U.S. Dist. LEXIS 50357, at *6-8 (M.D. Fla. June 15, 2009) (citations and internal quotations omitted); see also Werner v. Level 10 Mktg., No. 5:10-cv-258-Oc-10KRS, 2011 U.S. Dist. LEXIS 165930, at *10-11 (M.D. Fla. Jan. 24, 2011) (applying same standard to "negligent retention and supervision").

A review of the Complaint demonstrates that none of the allegations made therein – where Eastern Union is mentioned – actually address any alleged duty that was breached to support a negligent retention and supervision claim. See Cplt., ¶¶ 14, 20, 68, 72, 77-80, 90, 94, 168-170.  Merely alleging that Krispin was employed by Eastern Union in no way explains how Eastern Union breached any alleged duty owed to Plaintiffs, and it certainly does not meet the pleading standards required by Iqbal and Twombly. See Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Based on the foregoing, Count XIV should be dismissed in its entirety as a matter of law.

**e.  Count XXV (Vicarious Liability) Should be Dismissed**

Count XXV (vicarious liability) should be dismissed because "[t]heories of vicarious liability [] are not independent causes of action; instead, they are theories of liability for other claims." Ceithaml, 207 F. Supp. 3d at 1349 (citation omitted).

Even if vicarious liability was an independent cause of action – which it is not –, while Plaintiffs state certain causes of action brought against Krispin for which Plaintiffs allege Eastern Union is liable, Plaintiffs fail to incorporate any allegations – other than the general allegations – from those specific counts into Count XXV. See Honig v. Kornfeld, No. 18-80019-CV-MIDDLEBROOKS, 2019 U.S. Dist. LEXIS 63401 at *14 (S.D. Fla. Mar. 8, 2019) ("To hold a principal liable for the tort of an actual agent, a plaintiff must 'sufficiently allege the elements of agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable.'") (citing Flaherty v. Royal Caribbean Cruises, Ltd., No. 15-22295, 2015 U.S. Dist. LEXIS 165485 at *6 (S.D. Fla. Dec. 7, 2015). Therefore, *none* of the elements of the causes of action on which Plaintiffs base their vicarious liability count have been properly pled as legally required.

Based on the foregoing, Count XXV must be dismissed in its entirety as a matter of law.

### f.  **Count XXVIII (Civil Conspiracy) Should be Dismissed**

Count XXVIII (civil conspiracy) should be dismissed because there is no cognizable underlying tort on which it is based and the alleged conspiracy is not adequately pled.

"An actionable conspiracy requires an actionable underlying tort or wrong. An act which does not constitute a basis for a cause of action against one person cannot be made the basis for a civil action for conspiracy." Honig, 2019 U.S. Dist. LEXIS 63401 at * 9 (citing Wright v. Yurko, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984).

> An allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Although a conspiracy may be proven by circumstantial evidence, this may be done only when the inference sought to be created by such circumstantial evidence outweighs all reasonable inferences to the contrary.

Id. at *9-10 (citation and internal quotations omitted).

*First*, Plaintiffs' alleged underlying tort is that defendants "entered into an express or tacit agreement with the other Defendants to obtain, utilize and convert for their own benefit the Plaintiffs' substantial investment funds, and to do so via a series of misrepresentations, omissions and other improper and unlawful means." Cplt., ¶ 213. And so, Plaintiffs' conflate the torts of conversion, fraud, and some unspecified "improper and unlawful" acts.

10

As set forth <u>supra</u>, Plaintiffs have failed to meet the pleading standards for fraud and therefore, to the extent based on fraudulent acts, the civil conspiracy claim should be dismissed.

As for the underlying tort of conversion:

> In order to establish a claim for conversion of money under Florida law, a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so.

<u>United States v. Bailey</u>, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003) (citation omitted). Here, there is no specific, identifiable money for there to be a valid cause of action for conversion. "There are no allegations that (1) that Defendants had any obligation to keep intact the specific money in question, or (2) that any money would be held in an identifiable account." <u>Cutler v. Voya Fin., Inc.</u>, No. 18-20723-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 144521 at *9 (S.D. Fla. Aug. 23, 2018). While <u>Cutler</u> is analyzing conversion claims as related to contract claims, the logic still holds true. Plaintiffs simply allege various sums of money were transferred to various parties, but do not allege that they had to be held in a specific account. Indeed, it is clear that those funds were transferred to multiple parties and comingled with other funds. In addition, "[t]his is not a case where a party intentionally received a specifically identifiable sum of money knowing that he had no right to take it and who refused to give it back . . ." <u>Rosen v. Marlin</u>, 486 So. 2d 623, 625 (Fla. 3d DCA

11

1986). Here, Plaintiffs willingly transferred funds to be invested in various investments, albeit allegedly based on various improperly pled forms of fraud. <u>See</u> Cplt., ¶¶ 51, 60, 81, 88, 92, 93, 98, 99. And so, Plaintiffs' claims do not revolve around the allegations that certain defendants did not have a right to take their funds, but instead that they voluntarily handed over funds based on certain misrepresentations. Moreover, the funds complained of are not being withheld from Plaintiffs by any of the relevant defendants. <u>See</u> Cplt., ¶¶ 65, 75, 85, 95.

*Second*, Plaintiffs' allegations relating to Krispin's employment and agency as to Eastern Union are nothing more than conclusory statements that fail to identify "facts adequate to show illegality." <u>Honig</u>, 2019 U.S. Dist. LEXIS 63401 at *9-10.

Based on the foregoing, Count XXVIII must be dismissed in its entirety as a matter of law.

**WHEREFORE**, Defendant, EASTERN UNION FUNDING LLC, respectfully requests that this Court enter an order dismissing Counts II, V, VIII, XI, XIV, XXV, and XXVIII of the Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated: November 18, 2019

## <u>CERTIFICATE OF WORD COUNT</u>

I HEREBY CERTIFY that the foregoing memorandum contains 2,486 words, based on the word count of the word-processing system used to prepare same.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on **November 18, 2019,** a true and correct copy of the foregoing was filed via the CM/ECF system, which will send a notification of electronic filing to all counsel or parties of record on the Service List below.

Respectfully Submitted,

THE BERNSTEIN LAW FIRM
*Attorneys for Eastern Union Funding, LLC*
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137
Tel. (305) 672-9544
Fax (305) 672-4572
michael@bernstein-lawfirm.com
jordan@bernstein-lawfirm.com
paralegal@bernstein-lawfirm.com

*s/ Michael I. Bernstein*
**Michael I. Bernstein**
Florida Bar No. 546208

13

## SERVICE LIST
## CASE NO. 3:19-cv-02018-MCR-HTC

**Jonathan B. Butler, Esq.**
CIKLIN LUBITZ
*Counsel for Plaintiffs*
515 N. Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
service@ciklinlubitz.com
jbutler@ciklinlubitz.com
dfogarty@ciklinlubitz.com

**Eleanor T. Barnett, Esq.**
WALDMAN BARNETT, P.L.
*Counsel for Philip Krispin*
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
ebarnett@waldmanbarnett.com
litservice@waldmanbarnett.com

**William T. Green, III, Esq.**
WT GREEN, PLLC
*Counsel for John W. McCrary*
*& Santa Fe Capital, LLC*
P.O. Box 980092
Houston, Texas 77098
uncbill@msn.com

14