UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEE ANNE SAVOIA-MCHUGH,
and JOHN SAVOIA-MCHUGH,

    Plaintiffs,

v.                                                                               Case No. 3:19cv2018-MCR-HTC

MICHAEL S. GLASS, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Defendant Eastern Union Funding, LLC's ("Eastern Union") motion to compel Plaintiffs, Lee Anne Savoia-McHugh ("LSM") and John Savioa-McHugh ("JSM"), to sit for an additional deposition because (1) Plaintiffs substantively changed their answers on their errata sheet and (2) Plaintiffs failed to produce a complaint they filed against dismissed defendant, John W. McCrary, in Texas.  ECF Doc. 117.

The Court held oral argument on April 8, 2021, which was attended by Jonathan Butler, Esq. (via Zoom) for Plaintiffs; J. Ted Donovan, Esq. (via Zoom) for Defendant Krispin; and William Elebash, Esq. (in person) for Defendant Eastern

Union Funding, LLC ("Eastern Union").[1]  Upon consideration, the motion is GRANTED, in part.  As discussed below, the Court finds that Plaintiffs have made substantive, contradictory, and material changes to their deposition answers through the errata sheets.  Thus, Defendant Eastern Union will be allowed a very limited opportunity to ask Plaintiff about those changes.  The Court finds, however, that Plaintiff had no obligation to supplement its discovery responses to produce a copy of the Texas complaint and thus, the depositions will not be reopened on that ground.

## I.   THE ERRATA SHEETS

JSM and LSM initially sat for deposition on October 6 and 8, 2020, respectively.  Upon agreement of the parties, JSM and LSM sat for a second day of deposition on January 18 and 20, 2021, respectively.  On March 4 and 18, 2021, Plaintiffs sent their errata sheets to Eastern Union.  On the errata sheets Plaintiffs changed their answers to several questions.  Eastern Union seeks an opportunity to depose Plaintiffs about the changes.[2]

---

[1] Eastern Union's General Counsel, Benjamin Lieberman, also attended the hearing, as well as its corporate representative, Abraham Bergman.  Mr. Donovan was in attendance to argue a motion to compel filed by Defendant Phillip Krispin, based on other grounds.  That motion was denied in a separate order.

[2] Although Eastern Union also contends the errata sheets are untimely, Eastern Union has not moved to strike the errata sheets.  Indeed, such a motion would moot Eastern Union's request to depose Plaintiffs on the changes.  Regardless, because the depositions were, arguably, not "complete" until the second day of depositions in January, the 30-day deadline set forth in Rule 30(e) did not run until Plaintiffs received the second day's transcript.  *See* Fed. R. Civ. P. 30(e)(1);

As an initial matter, the circuits are divided on whether Rule 30(e) allows deponents to use errata sheets to make substantive changes to testimony. A minority of courts take a narrow view, finding Rule 30(e) permits only typographical changes. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (upholding a district court's judgment to strike an errata sheet listing twenty-seven (27) changes, noting that "Rule 30(e) is to be used for corrective, and not contradictory, changes"); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 388–89 (7th Cir. 2000) (explaining that an errata sheet effecting "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'").

Under the majority view, which is broader, "Rule 30(e) does not limit the types of changes a deponent may make to his or her deposition transcript." *Pepsi-Cola Bottling Co. v. Pepsico, Inc.*, 2002 WL 511506, at *2 (D. Kan. April 3, 2002);

---

*Walker v. George Koch Sons, Inc.*, 2008 WL 4371372, at *1 (S.D. Miss. Sept. 18, 2008) (rejecting argument that 30-day deadline ran from time draft transcripts were received where the draft transcripts did not include the exhibits or an errata sheet); *Medina v. Horseshoe Ent.*, 2006 WL 2038057, at *2 (W.D. La. July 19, 2006) (same).

Case No. 3:19cv2018-MCR-HTC

*Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir.1997) ("[T]he language of [Rule 30(e)] places no limitations on the type of changes that may be made, nor does [Rule 30(e)] require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing." (quotation marks and alterations omitted)).

The Eleventh Circuit, however, has not adopted either view. In *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010), the Court affirmed sanctions against attorneys for "unreasonably and vexatiously" multiplying the proceedings through the "submission of [a] novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper," which rendered the eight (8) days spent deposing Plaintiff a waste of time and money. *Id.* at 1281. While noting that the exact scope of a proper Rule 30(e) errata sheet differs among courts, the Eleventh Circuit did not articulate a rule for district courts to follow. *See id.* In the absence of a rule adopted by the Circuit, the district courts in this Circuit differ in their approach. *See Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, 2016 WL 866368, at *6–7 (M.D. Fla.) (noting that, even post-*Norelus*, district courts in the Eleventh Circuit differ on whether to adopt a "broad" interpretation of Rule 30(e) by refusing to grant motions to strike substantive changes to discovery through errata sheets or a "narrow" interpretation of Rule 30(e) by striking substantive changes).

Courts following the broader view do so for two (2) reasons. First, there are safeguards present that prevent abuse where substantive changes are made. Specifically, the questioning party can seek to re-depose the deponent, *see United Subcontractors, Inc. v. Darsey,* 2013 WL 5770559, at *3 (M.D. Fla. Oct. 24, 2013), as Defendant has done here, or the questioning party can use the changed responses to impeach the witness at trial. *See id.; Thorn v Sundstrand Aerospace Corp.*, 207 F. 3d 383, 389 (7th Cir. 2000) (finding that Rule 30(e) changes that contradict the original deposition testimony should be dealt with the same way as subsequent affidavits that contradict a witness's earlier deposition).

Second, allowing substantive changes is more consistent with the plain language of Rule 30(e). *See Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009) (denying motion to strike substantive errata sheet changes because the majority view interpreting Rule 30(e) broadly "is in line with the plain language of Rule 30(e), which contemplates "changes in form or substance" and "furthers the purpose of the discovery process—to allow the parties to elicit the true facts of a case before trial"); *Carter v. Companion Life Ins. Co.*, No. 2:18-CV-350-GMB, 2021 WL 1056606, at *2 (N.D. Ala. Mar. 18, 2021) (reviewing cases interpreting Rule 30(e) and concluding that the cases adopting a broad view of the Rule are more persuasive because the text of the rule explicitly mentions changes in substance and because there are safeguards to prevent abuse); *Reilly v. TXU*

*Corp.*, 230 F.R.D. 486, 487–90 (N.D. Tex. 2005) (reviewing the various approaches for interpreting the allowable scope of Rule 30(e) changes and ultimately adopting a broad interpretation "consistent with the plain language" of Rule 30(e), allowing any changes, "in form or substance" under Rule 30(e)).

As Magistrate Judge Jones has previously concluded, "the better view is to read Rule 30(e) broadly and permit substantive changes." *See In re: Abilify (Aripiprazole) Prods. Liab. Lit.*, 3:16-md-2734 (N.D. Fla. April 4, 2018) (citing *Lee-Bolton v. Koppers Inc.*, No. 1:10-CV-253-MCR-GRJ, 2015 WL 11110546, at *1 (N.D. Fla. July 1, 2015)). The undersigned agrees. Having determined the changes are permissible, the question then becomes whether Eastern Union should be allowed to re-open Plaintiffs' depositions. *See Matter of Hardin*, No. 2019 WL 4924396, at *2 (Bankr. N.D. Ga. Oct. 4, 2019) (relying on *Mason v. United Parcel Serv., Co.*, 674 F. App'x 943, 953 (11th Cir. 2017) as giving district courts "full discretion" to determine whether to allow substantive changes to an errata sheet by re-opening a deposition or striking an errata sheet).

Plaintiffs argue the changes are not substantive, as they are not material to the issues in this case. Thus, Plaintiffs argue another deposition is unnecessary, and any issues with the revised responses can be handled at trial.[3] The Court disagrees. A

---

[3] At the hearing, Plaintiffs also sought to withdraw the errata sheets rather than sit for another deposition. The Court does not find this to be a viable alternative, as the Court cannot allow the parties to proceed on responses Plaintiffs have clearly indicated are not correct.

Case No. 3:19cv2018-MCR-HTC

fair reading of the changes made by Plaintiffs show they are clearly substantive. For example, JSM seeks to delete the time when he learned that he had lost money, which, as Eastern Union argues, goes to whether JSM's later reliance on any statements made by the individual defendants was reasonable. ECF. Doc. 117-3 at 2, Vol. 1 pg. 151, line 25 (deleting "within that week").

Some of the changes are also clearly contradictory to the original deposition answer. For example, JSM was asked, "What was the specific representation made to you by Mr. Glass or Mr. Krispin with regard to the feasibility period or due diligence period," and JSM initially responded that the two men "did tell us that it had already expired and that that's just the way it was, but they assured us that it would not matter . . . ." *Id.* JSM seeks to wholly change that response to read that the two men "did ***not*** tell us" and to delete the "but." *Id.* at pg. 152, lines 7 and 9. Similarly, JSM was asked whether "it was [his] understanding in July of 2016 that the feasibility period for Hunters Chase had expired," and he answered, "Yes." *Id.* at 4. JSM seeks to delete his answer, and while he does not state what the answer should be, he explains in a parenthetical on the errata sheet, "I was mistaken in my recollection, as I learned the money was hard the first week of September." *Id.*

Many of JSM's other changes follow similar fashion. That is, they are directly contradictory to the response he gave at his deposition or result in wholesale substantive changes. JSM was asked, "What was the November 21st, 2016 $25,000

wire to Mitts, what was that?" ECF Doc. 117-3 at 8. JSM gave a relatively lengthy response that expanded nine (9) lines, starting with "So this one I do remember." *Id.* Through his errata sheet, however, and despite such professed memory, JSM seeks to delete the entire response and replace it with a completely different response. *Id.* The Court finds all of JSM's changes to be substantive.

Like JSM, many of LSM's changes are directly contrary to her initial response. ECF Doc. 117-4 at 2, Vo1. 1, pg. 60, lines 4 (seeking to change a response that certain statement was true to "not true"). LSM's changes also include changes that substantively change her prior response, such as changing a response that states, "Prime Finance returned approximately $1,500, $2,000 to Eastern Union," to read, "Prime Finance returned approximately $15,000–$16,000 to Eastern Union. ECF Doc. 117-4 at 8, Vol. 2, pg. 426, line 18. Of course, as Eastern Union acknowledged, not all of LSM's changes are substantive, as many are clearly just typographical corrections.

Generally, changes that are numerous, contradictory, or substantive warrant a reopening of the deposition. *See Reilly*, 230 F.R.D. at 491 (finding that 111 changes altered the plaintiff's deposition testimony in substantive and contradictory respects and warranted reopening the deposition); *Eicken v. USAA Federal Savings Bank,* 498 F.Supp.2d 954, 961–62 (S.D. Tex. 2007) (denying motion to strike errata with forty-five (45) changes, but permitting additional testimony). In this case, while

Plaintiffs' changes are not necessarily numerous, they are substantive and contradictory. Thus, the Court finds that they warrant a **limited** re-opening of the depositions.

The Court also finds relegating Eastern Union to addressing the inconsistent responses at trial to be an insufficient safeguard in this case. The crux of Plaintiffs' suit against Defendants is that they were duped by Defendant Phillip Krispin and others regarding certain investments, which resulted in Plaintiffs losing a significant portion of their retirement income. To support their claims, Plaintiffs rely on both documentary evidence and oral representations. As with any case based on fraudulent representations, the parties' credibility is a crucial issue in the case. Thus, why Plaintiffs changed their responses and the basis on which those changes were made are material to the issues in this case. Eastern Union should not have to learn about the source of those changes for the first time at trial.

The cases relied upon by Plaintiffs, in which the courts declined to reopen a deposition, are different from the facts here because in those cases the courts determined the changes were not material. In *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2016 WL 7443291 (S.D. Fla. Dec. 14, 2016), for example, the court declined to reopen the deposition because the changes did not impact the pending motion for summary judgment or motions in limine. *See id.* at *2. Similarly, in *Medley v. Dish Network, LLC*, 2017 WL 10085026 (M.D. Fla. Oct.

17, 2017), the court declined to reopen plaintiff's deposition because the changes "[were] merely clarifications or minor corrections to testimony" and did not "contradict [Plaintiff's] other testimony." *Id.* at *2. As discussed above, the same cannot be said about the changes here.

The Court will therefore re-open Plaintiffs' deposition, but only for the sole and limited purpose of allowing Eastern Union to ask questions relating to the changed testimony, "including the source of the changes and the reasons for the changes, and allowing follow-up questions to the changed answers." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 2009 WL 10665355, at *1–2 (W.D. Tex. Feb. 20, 2009); *Reilly*, 230 F.R.D. at 491 (instructing the reopening should be limited in scope, to inquire about the reasons for the changes and the source of the changes, such as whether they came from the deponent or her counsel, and to allow follow up questions to the changed responses). Given the contentious history in this case relating to the depositions, Eastern Union is cautioned against going beyond the purpose for which the depositions are being reopened. Also, given the number of changes at issue, Eastern Union is limited to one (1) hour of questioning for each Plaintiff.[4]

---

[4] Defendant sought two additional hours of deposition time, but that was based on the errata sheet changes the Texas complaint, which as discussed below, is not a sufficient ground for additional deposition time.

## II. THE TEXAS COMPLAINT

As stated above, Eastern Union also seeks to reopen the depositions to question Plaintiffs about a lawsuit they filed against one of the Defendants in this case, John W. McCrary. According to Eastern Union, Plaintiffs should have produced, or supplemented their responses to produce, a complaint and amended complaint they filed against McCrary in the Southern District of Texas, which Eastern Union contends arises out of the same real estate transactions at issue here. The complaint was filed following McCrary's dismissal from this litigation for lack of personal jurisdiction. *See* ECF Doc. 66 (order dismissing McCrary and Santa Fe as defendants for lack of personal jurisdiction).

The Court has reviewed the requests that Eastern Union contends implicate the production of the *McCrary* lawsuit and finds that Plaintiffs did not violate any discovery obligation by failing to produce a copy of the *McCrary* suit. The Court agrees with Plaintiffs that the requests identified are broad and general "all-documents-that-support-your-claims" requests that lack specificity, and because of their breadth, would not necessarily have alerted Plaintiffs of the need to produce the *McCrary* suit. Moreover, as Plaintiffs point out, Eastern Union had ample opportunity to ask Plaintiffs about their allegations against McCrary since he was initially a party to the suit and identified by Plaintiffs as a "co-conspirator."[5]

---

[5] Defendant acknowledged that it did not ask Plaintiffs about other lawsuits.

Accordingly, it is ORDERED:

1.  Defendant Eastern Union's motion to compel (ECF Doc. 117) is GRANTED, in part, to the extent set forth herein.

2.  The Plaintiffs' depositions will be reopened for the limited and sole purpose of allowing Eastern Union to question Plaintiffs about the substantive changes to their deposition responses as identified on the errata sheets, including the source of the changes, reason for the changes, and any pertinent follow-up questions.

3.  The depositions are limited to no more than one (1) hour of questioning for each Plaintiff.

4.  The parties may contact the Court on the day of the depositions, as necessary, to rule on any disputes that may arise as to the proper implementation of this Order.

5.  These depositions may be taken out of time (rendering a wholesale extension of discovery to be unnecessary), must be made a priority, and must be completed within **ten (10) days** from the date of this Order, unless otherwise agreed to by the parties. Any requests for an extension of time of any pending deadlines must be made by separate motion and should comply with the meet and confer requirements.

DONE AND ORDERED this 16th day of April, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**