UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LEE ANNE SAVOIA-MCHUGH,
JOHN SAVOIA-MCHUGH**

    Plaintiffs,

v.                                                                  CASE NO. 3:19cv2018-MCR-HTC

**MICHAEL S GLASS, et al.,**

    Defendants.
_____/

## ORDER

Pending is Plaintiffs' request to permit a remote appearance and testimony by Jason Fowell. Both sides designated his deposition for trial and submitted deposition excerpts with objections, which the Court has ruled on. Plaintiffs now state that Mr. Fowell has expressed a willingness to appear and testify at the trial but because he is recently widowed and the sole guardian of two minor children, travel from his home in Houston, Texas, to Pensacola for trial would impose a "tremendous hardship and burden given his family circumstances." ECF No. 175 at 1–2. Plaintiffs argue there is no adverse effect or prejudice to the Defendants, but the certification required by the local rules, N.D. Fla. Loc. R. 7.1(B), (C), is incomplete and states only that Defendants' counsel was advised of the motion and does not include a certification that a meaningful conference occurred. Plaintiffs instead

represent that they will advise the Court of Defendants' position by subsequent notice. On consideration, the motion is denied.

Trial testimony "must be taken in open court" unless a federal statute or rule provides otherwise. *See* Fed. R. Civ. P. 43(a). Federal Rule of Civil Procedure 43(a) vests district courts with discretion to allow remote testimony on a showing of "good cause in compelling circumstances and with appropriate safeguards." *Id.*; *see also Toland v. Phoenix Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021) (quoting Rule 403(a)). This standard is "most persuasive[ly]" met where "unexpected reasons, such as accident or illness," prevent a witness from attending trial in person, and most easily if both sides agree to remote testimony. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (noting, however, that the court is not bound by the parties' stipulation and "may insist on live testimony"). Other possible justifications, however, "must be approached cautiously," and "a party who could reasonably foresee the circumstances offered to justify [remote] testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*. Mere inconvenience or logistical difficulties cannot satisfy the standard. *Id*.; *Novello v. Progressive Express Ins. Co.*, No. 8:19cv1618, 2021 WL 1751351, at *2 (M.D. Fla. May 4, 2021).

Here, trial has been set to proceed in Pensacola since January 28, 2022.  *See* ECF No. 143.  Mr. Fowell's deposition was taken on February 4, 2021, so all parties have been fully aware of his testimony and its importance to their case for over a year at the very least.  The fact that this witness lives in Texas is no surprise to Plaintiffs, and while the Court sympathizes with Mr. Fowell for his loss, the representation that he is "recently" widowed and the guardian of two minor children is too vague to provide a compelling reason why his personal appearance would impose a "tremendous hardship and burden," ECF No. 175 at 1–2, as opposed to a mere inconvenience or logistical difficulty.  All parties and the Court have now invested time and effort in considering his deposition testimony the corresponding objections.  Moreover, Defendants have not given their consent.

In short, Plaintiffs have failed to show "good cause in compelling circumstances" to justify the relief sought.  Accordingly, their motion for remote testimony, ECF No. 175, is **DENIED**.

**DONE AND ORDERED** this 5th day of May 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:19cv2018-MCR-HTC